# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| LEONARD L. HERNANDEZ, <br><br> Plaintiff, <br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner, Social Security Administration, <br><br> Defendant. | No. EDCV 06-1153 (CW) <br><br> DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I. BACKGROUND

Plaintiff Leonard Hernandez was born on October 11, 1962, and was forty-three years old at the time of his latest administrative hearing. [Administrative Record ("AR"), 69, 291.] He has an eleventh grade education and past relevant experience as a warehouse worker.

[AR 75, 128.]  Plaintiff alleges disability on the basis of chronic pain in his lower back with radiculopathy in his lower extremities, an inability to use his left arm due to a torn ligament, and depression. [AR 11.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on October 18, 2006, and filed on October 27, 2006.  On April 30, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 11, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed a protective application for supplemental security income ("SSI") under Title XVI of the Social Security Act on October 16, 2003, alleging disability since July 4, 2001.  [AR 10, 69.]  After the application was denied initially and upon reconsideration, an administrative hearing was held on September 28, 2005, before Administrative Law Judge ("ALJ") Gail Reich.  [AR 309.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and medical expert Lowell Sparks. [Id.]  A second hearing was held on March 2, 2006, before ALJ Reich. [AR 291.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Michael Kania and vocational expert Sandra Fioretti. [Id.] The ALJ denied benefits in a decision dated June 19, 2006.  [AR 15.] When the Appeals Council denied review on August 24, 2006, the ALJ's decision became the Commissioner's final decision.  [AR 3.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since the protective date of his SSI filing (step one); that plaintiff had "severe" impairments, namely lumbar disc disease status post-surgery, a detached left biceps tendon, and degenerative arthritis in both knees status post-surgery (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 11.] Plaintiff was found to have an RFC for a range of light work, including, in pertinent part, the ability to lift twenty pounds occasionally and ten pounds frequently, lift less than ten pounds with his left upper extremity, stand or walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday, with a sit/stand option allowing him to change positions for two to three minutes per hour. [AR 14.] Based on this RFC, plaintiff was found unable to return to his past relevant work (step four). [AR 14.] However, plaintiff was found capable of performing other work in the national economy, such as bench assembler, small products assembler

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

and sedentary assembler (step five). [Id.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 15.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ properly considered the opinion of the examining orthopedic physician;
2. Whether the hypothetical questions posed to the vocational expert accounted for all of plaintiff's limitations; and
3. Whether the ALJ properly developed the record as to plaintiff's mental impairment.

[JS 2-3.]

As discussed below, Issue Three is dispositive.

**D.   THE PSYCHIATRIC EXAMINATIONS**

The record shows that plaintiff has been hospitalized multiple times as a danger to himself following suicide attempts through drug overdoses.[2]  In March 2004, plaintiff underwent a psychiatric evaluation conducted by Dr. Linda Smith. [AR 176.]  Upon an interview and examination, Dr. Smith noted plaintiff's extensive history of drug abuse but "I really don't see a lot of evidence for depression and I saw no evidence of anxiety." [AR 181.]  Dr. Smith concluded that plaintiff would not be impaired in his ability to work if he abstained from illegal substances. [Id.]

During the initial administrative hearing, plaintiff's counsel stated that the medical record as to plaintiff's psychiatric

---

[2] The record contains notes of psychiatric hospitalizations for suicide attempts in November 2002, June 2003, August 2003, September 2003 and January 2004. [AR 103, 113, 118, 129, 149.]

6

impairments was not fully developed because plaintiff recently lost insurance coverage for treatment. [AR 335.] Plaintiff's counsel also noted that plaintiff was taking multiple anti-psychotic medications, indicating that the existing psychiatric records were inconsistent with Dr. Smith's evaluation. [Id.] The ALJ inquired whether a second consultative mental evaluation would be helpful. [AR 337.] Plaintiff's counsel replied that it would only be helpful if it included a Minnesota Multiphasic Personality Inventory ("MMPI").[3] [Id.] The medical expert concurred that a psychological evaluation, including an MMPI, would be helpful. [Id.] The ALJ continued the hearing and ordered the evaluation. [Id.]

Plaintiff underwent a second psychiatric evaluation by Dr. Smith in January 2006, but it did not include an MMPI. [AR 262.] Upon examination, Dr. Smith found that plaintiff was "very manipulative, very vague and evasive throughout the interview and this appeared to be deliberate." [AR 267.] Dr. Smith found no evidence of psychiatric impairment and concluded plaintiff would not be impaired in his ability to work if he abstained from illegal substances. [AR 270.] At a subsequent administrative hearing, plaintiff's counsel challenged that conclusion, arguing that the record demonstrated plaintiff's depression arose from his chronic pain, financial stress and lack of medical coverage. [AR 313.]

In the administrative decision, the ALJ concluded that plaintiff

---

[3] The MMPI has been described as an "empirical scale of an individual's personality based mainly on his own yes-or-no responses to a questionnaire of 550 items; designed to provide scores on all the more important personality traits and adaptations, and including special validating scales which measure the individual's test-taking aptitude and degree of frankness." Kearney v. Standard Ins. Co., 175 F.3d 1084, 1092 n. 3 (9th Cir. 1999)(quoting Blakiston's Gould Medical Dictionary, 3d Ed. 1972).

"would have no mental work-related limitations in the absence of substance abuse. In this regard, drug abuse is found to be a material factor in the determination of the claimant's disability." [AR 13.] Plaintiff contends that the ALJ's decision should be reversed so that another psychological evaluation, with an MMPI, can be administered. [JS 11.]

An ALJ has broad latitude in ordering a consultative examination. Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2002)(citing Diaz v. Sec'y of Health and Human Servs., 898 F.2d 744, 778 (10th Cir. 1990)). If the ALJ determines that the record contains sufficient information to resolve the issue of disability, an examination is not required. Id. Some types of cases, however, do normally require a consultative examination, including those in which "additional evidence needed is not contained in the records" and those involving an "ambiguity or insufficiency in the evidence [that] must be resolved. Id. (quoting 20 C.F.R. §§ 404.1519a(b)(1),(4); 416.919a(b)(1),(4)); see also Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997)(describing the circumstances under which a consultative examination may be required, including a "direct conflict in the medical evidence," or where "additional tests are required to explain a diagnosis already contained in the record").

In this case, the ALJ's issuance of a decision without the results of an MMPI was not based on a determination that the evidence already in the record was sufficient to make a decision. Reed, 270 F.3d at 843. Instead, the record indicates that the ALJ agreed with plaintiff's counsel and the medical expert that objective psychological testing would be appropriate to resolve the inconsistency in the record between the treating psychiatric evidence

and Dr. Smith's opinion. See Reed, 270 F.3d at 843 (remanding where, in part, ALJ acknowledged that an examination would have been appropriate but refused to order one). Under these circumstances, it appears that the omission of the MMPI was a mistake. Moreover, there remains a direct conflict in the record regarding the degree of plaintiff's psychiatric impairment. See Hawkins, 113 F.3d at 1162; 20 C.F.R. § 416.919a(b)(4). Accordingly, remand for empirical, objective psychological testing is appropriate. See Reed, 270 F.3d at 821 (remanding for consultative examination upon noting the "especially important" duty to develop the record when a severe mental impairment is alleged).

### E.  REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

## VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: September 13, 2007

```
                              _____/S/_____
                                   CARLA M. WOEHRLE
                              United States Magistrate Judge
```